RAYNOR v. NEW YORK & L. I. TRACTION CO.

(Supreme Court, Appellate Division, Second Department.  January 15, 1915.)

1. CARRIERS (§ 12*)—CONNECTING CARRIERS—FARES.
    Where defendant street railroad company owned and operated several lines under separate grants, it cannot be considered as a connecting carrier when transporting passengers from one of its lines to another.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7–11, 15–20; Dec. Dig. § 12.*]

2. CARRIERS (§ 12*)—FARES—CONNECTING CARRIER.
    The prohibition against charging more than five cents for five miles or less, contained in one of the grants of the New York & Long Island Traction Company, which operated three different lines, is limited to the services of the defendant as a connecting carrier, and does not apply to the carriage of passengers over its several lines.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7–11, 15–20; Dec. Dig. § 12.*]

3. CARRIERS (§ 12*)—FARES—AMOUNT OF FARES.
    Where the defendant street railroad company as a connecting carrier could charge 10 cents between two points, it may charge that amount for transportation originating on another of its own lines, though it be considered as operating connecting lines.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7–11, 15–20; Dec. Dig. § 12.*]

Appeal from Nassau County Court.

Action by Lucy Raynor, an infant, by John J. Carman, her guardian ad litem, against the New York & Long Island Traction Company. From a judgment for plaintiff (149 N. Y. Supp. 151), defendant appeals.  Reversed and remanded.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Henry J. Smith, of New York City (Arthur G. Peacock, of New York City, on the brief), for appellant.

Elvin N. Edwards, of Freeport, for respondent.

THOMAS, J.  Each grant is limited to a line of railway unmistakenly defined.  The three grants for a railway north of the village of Freeport are associated, inasmuch as they relate to a line between Mineola and Freeport, and the provisions concerning fare that may be charged are not inconsistent.  The grant of July 6, 1901, by the board of supervisors, while conditioned upon the construction and operation of the railway between Mineola and Freeport, made no provision for fares other than to prohibit a charge in excess of 10 cents for carriage on Franklin street.  But the defendant was already under a disability to charge 10 cents for that service by acceptance of the grant of June 6, 1901, for a railway from Freeport to the village of Hempstead, and thence, omitting that village, to Mineola, and to charge but 10 cents for the whole route and 5 cents for five miles or less.  This has been construed to include the village of Hempstead.  Edwards v. N. Y. & L. I. T. Co., 1 P. S. C. Rep. (2d Dist.) 127.

[1, 2]  When the defendant accepted the grant substituting Franklin

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

street for Washington street north of Hempstead village, the limitation of fares in the earlier grant remained, as decided by the Public Service Commission in Whitehouse v. N. Y. & L. I. T. Co., 3 P. S. C. Rep. (2d Dist.) 410. But the present suggestion of extending such grants to the line west of Freeport, granted in 1903 by two of the same highway commissioners, fully apprised of their earlier action and the needs of the community, does violence to each grant, which with clearness and precision defines what it gives and limits the conditions to the exact thing given. The Public Service Commission, in Steding v. N. Y. & L. I. T. Co., 3 P. S. C. Rep. (2d Dist.) 368, correctly refused to extend any of the provisions of the grants to defendant's line from Hempstead village to Belmont, near the New York City Line, or to consider the defendant in the dual capacities of connecting carriers, when transporting passengers from one line to another. The language used in the grants is singularly inappropriate for such purpose, and the provision is unnecessary where a carrier is operating over several lines obtained by separate grants. The provision for a fare of 5 cents for five miles or less, in the grant of the line west of Freeport, is clearly limited to connecting carriers (Wright v. N. Y. & L. I. T. Co. and Ankers v. Same, 3 P. S. C. [2d Dist.] 418), and unless defendant be severable into two carriers, each connecting with the other, the provision has no application beyond the line granted.

[3] Even if the fiction of the defendant multiplied into connecting carriers obtain, the plaintiff is not aided. As operator on the line west of Freeport, defendant would receive 5 cents for carriage between Milburn avenue and Freeport, and 10 cents for carriage to Doubleday, Page & Co.'s place, as the distance is nearly eight miles. Assume that at Milburn avenue defendant had received plaintiff from a connecting carrier for transportation to Doubleday, Page & Co.'s location, it could have made the above charge. Why, then, should it be constrained to make a smaller charge when regarded as operating connecting lines? The question of whether the defendant used excessive force in removing the plaintiff, is not present.

The judgment of the County Court of Nassau County should be reversed, and a new trial ordered; costs to abide the event. All concur.